

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00925-CR

Pedro **MALDONADO MORALES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR9135
Honorable Christine Del Prado, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
              Irene Rios Justice
              Beth Watkins, Justice

Delivered and Filed: November 8, 2023

DISMISSED

Appellant Pedro Maldonado Morales entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the charged offense. The trial court imposed a sentence on October 3, 2023 in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. The clerk's record includes the written plea bargain agreement which includes a waiver of the right to appeal those matter that were raised by written motion filed

and ruled on before trial. *See id.* 25.2(a)(2). The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* 25.2(a)(2). The record also appears to support the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On October 24, 2023, we ordered appellant to file a response establishing an amended certification showing he has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1. We advised appellant that if a supplemental clerk's record was required to show he has the right to appeal, he was required to request a supplemental record from the trial court clerk and file a copy of the request with this court. Finally, we admonished appellant that a failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal.

On October 30, 2023, appellant's counsel filed a response to our order agreeing appellant entered into a plea bargain with the State, appellant pleaded nolo contendere in accordance with the plea bargain, the trial court imposed a sentence in accordance with the agreement, and the signed certificate stated appellant had no right of appeal.

Accordingly, we dismiss this appeal. *See id.* 25.2(d); *see also Ex Parte Torres*, 483 S.W.3d 35 (Tex. Crim. App. 2016) (addressing *Padilla v. Kentucky* ineffective assistance claim via habeas appeal).

PER CURIAM

DO NOT PUBLISH